[No. 5845.]
## THE DELPHI SCHOOL DISTRICT *v.* WM. MURRAY.

PRESUMPTION AS TO TITLE TO OFFICE.—The Code has not materially changed the common-law rule, that from the undisturbed exercise of a public office a presumption arises that the appointment of it is valid. This presumption, unless overcome by other evidence, will support a finding that the incumbent of an office is *de jure* such officer.

APPEAL from the District Court of the Fifth Judicial District, San Joaquin County.

This was a proceeding for the condemnation of land for school purposes. Judgment was rendered for the defendant, and the plaintiffs appealed. The other facts are stated in the opinion.

*James A. Louttit*, for Appellant, cited *McCoy* v. *Curtier*, 9 Wend. 17; *Potter* v. *Luther*, 3 Johns. 431.

*Terry, McKinne & Terry*, for Respondent.

By the COURT:

The proceedings in this case amount to an action brought by Grupe and others, asserting themselves to be trustees for the *Delphi School District*, who sue in the name of the District, because authorized by the statute to do so. (Political Code, sec. 1575.)

It is alleged in the complaint that Grupe and the others " are the duly elected, qualified, and acting Trustees in and for said District " ; and this allegation having been denied in the answer, it became the duty of the Court below, sitting without a jury, to find the fact in that respect. This was not done, but instead a finding, so called, was made in the following words: " That C. Grupe, N. E. Alling, and R. P. Nason were acting as Trustees for said School District, but there was no sufficient evidence of the election of C. Grupe, R. P. Nason, and N. E. Alling or either of them as Trustees of the Delphi School District, of the County of San Joaquin, State of California; therefore the Court finds that they were not *de jure* Trustees, and neither of them was a Trustee *de jure* of said School District at the time of the commencement of this action."

To find that these persons were " *acting as Trustees* " was merely to embody the evidence or a portion of it adduced at the trial upon the issues just referred to, and to add that " *there was no sufficient evidence of the election of Grupe,*" etc., was merely to remark upon the condition of the case as presented. If it was proven at the trial that Grupe and others were " *acting as Trustees,*" a presumption thereby arose that these persons were officers *de jure*, but this presumption was, of course, disputable in its character, and might have been met and overcome by other evidence. (Code of Civil Procedure, sec. 1963, subdv. 14.) If not so met and overcome the presumption would stand for proof, and would support a finding that these persons were *de jure* Trustees.

This was the rule at common law, and the statute has wrought no material change in that respect. That direct and primary proof of title to the office is dispensed with in such cases, is mentioned by Mr. Greenleaf, as constituting an exception to the

general rule excluding secondary evidence, and as proceeding upon "the strong presumption arising from the undisturbed exercise of a public office, that the appointment of it is valid," etc. (Volume 1, secs. 91, 92.)

Judgment reversed and cause remanded.